## PRITCHARD & Co. *v.* UNITED STATES (No. 417).[1]

1. KRAFT PAPER NOT PRINTING PAPER.

The Board of General Appraisers having found the consignment to be wrapping paper and not printing paper, and an examination of the evidence of record failing to show this decision to have been wholly unsupported or contrary to the weight of the evidence, the decision will be affirmed.

2. COMMERCIAL DESIGNATION.

Where there is a question of an article being dutiable and the rate of duty depends on that article's suitableness for a given use, its commercial designation is a material fact.

### United States Court of Customs Appeals, October 16, 1911.

APPEAL from Board of United States General Appraisers, Abstract 23582 (T. D. 30733).

[Affirmed.]

Comstock & Washburn (*Albert H. Washburn* and *Geo. J. Puckhafer* of counsel) for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is a brown paper, known as kraft paper, chiefly manufactured in Norway and Sweden, and the question is whether it is dutiable under paragraph 396 or paragraph 402 of the tariff act of July 24, 1897. The material parts of these respective paragraphs are as follows:

396. Printing paper, unsized, sized or glued, suitable for books and newspapers * * * valued above five cents per pound, fifteen per centum ad valorem.

402. * * * All other paper not specially provided for in this act, twenty-five per centum ad valorem.

The Board of General Appraisers sustained the action of the collector, assessing the paper under paragraph 402.

It is conceded by the importers that the general use of this kraft paper is as a wrapping paper for which its strength makes it especially adaptable and useful. There is no claim that the paper is suitable for printing newspapers.

Before considering the claims of either party, the opinion of the Board of General Appraisers will be examined for the purpose of ascertaining just what was decided there as affecting the issues here. The board distinctly found that the paper in question is not printing paper, and in effect held as a matter of law that Congress intended that the term "printing paper" as used in paragraph 396 "should apply only to such as was *recognized* as printing paper." By this we take it the board considered the term "printing paper" as used in the paragraph to refer only to such as was commercially known as

---

[1] Reported in T. D. 31974 (21 Treas. Dec., 443).

printing paper, or in the event no question of commercial designation was raised, to what was commonly known as printing paper. The board further found that the paper in question is commonly known and used as a wrapping paper, that it is also at times used for printing books and for covers of books—that is, the outside paper covers of books.

It will be observed that paragraph 396 does not apply to *paper suitable for books*, but does relate to *printing* paper suitable for books. We do not treat the condition of "unsized, sized or glued" mentioned in the paragraph as of any consequence, because no claim with reference thereto is made, but it is assumed the paper possesses those characteristics

It is obvious, therefore, that at the threshold of this case it is necessary for the importers to establish, as required by the applicable rules of evidence, the fact that the paper is "printing paper." Upon this issue they seem to have failed so far as the Board of General Appraisers is concerned, and applying the familiar rule that the finding of the board will not be reversed unless it is wholly without evidence to support it or clearly contrary to the weight of evidence, it follows that the finding in this case must stand unless, considered in the light of that rule, error be found therein. We have carefully examined the evidence, which is conflicting, upon this question and are unable to say that the board has erred in its finding upon this issue.

But there is one other view of the case which is presented by the importers and merits consideration. It is claimed in substance that the board has misinterpreted the application of the term "printing paper" in that it has limited the same to such papers as are recognized as printing papers; in other words, to paper commercially known as printing paper, and it is said that the rule of commercial designation has no application to such words in the paragraph because the language therein is descriptive and not denominative and that where the dutiability of an article depends upon its suitability for a use the question of commercial designation is inapplicable and immaterial.

We are unable to agree with the contention of appellants that when merchandise is referred to by descriptive terms it may not, if it can, be shown that those terms have a commercial meaning.

In Arthur *v.* Cumming et al. (91 U. S., 362) the court said:

The rule to be followed in the construction of revenue statutes in cases like this is well settled in this court. It is, that the descriptive terms applied to articles of commerce shall be understood according to the acceptation given to them by commercial men in our own ports at the time of the passage of the act in which they are found.

This is only one of the many cases that may be cited in support of the rule, and the distinction as to its application claimed by appellants seems to be without foundation.

Indeed, it would seem that this case is one peculiarly adapted for the application of the rule that the language used in describing the commodity was used in its commercial sense. The words themselves signify some particular kind of paper and in addition it must be suitable for books.

The question of whether it is printing paper or not may well be determined by the understanding of the trade in relation to paper, but whether or not it is suitable for books still remains a question of fact probably not dependent upon any trade understanding.

We think, therefore, that the board committed no error in finding that the importation was not printing paper. This conclusion makes it unnecessary to further discuss the points raised by appellants' counsel. The result is that the judgment of the Board of General Appraisers is *affirmed*.