UNITED STATES *v.* HOBBS (No. 839).[1]

PRO FORMA AND DULY CERTIFIED INVOICES.

  The bond required of an importer entering his goods upon a pro forma invoice stipulates that duties are to be and will be paid upon the certified invoice valuation. In all cases the collector is empowered to reliquidate within one year, the customs regulations governing him in the exercise of this power. In this case authority for the reliquidation by the collector is found both in the law and the express stipulation of the importer's bond.

United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7309 (T. D. 32107).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel, for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The importer, appellee, entered goods at the port of Boston on a pro forma invoice at a value of $281 and duly gave bond for a verified consular invoice. The appraiser reported "value correct," and the collector accordingly liquidated the entry.

Subsequently, and within the statutory period (six months), the duly certified invoice was produced and filed, showing the value of the goods $349. The collector reliquidated the entry upon the basis of the certified invoice and required payment of the additional duties, $30.60.

Due protest was made against this reliquidation.

There is no claim of manifest clerical error or fraud, and no application was made for permission to conform the entry to the facts. (Art. 208, Cust. Regs., 1908.)

The Board of General Appraisers sustained the protest with the single statement:

  This is apparently in conflict with the decision of the Customs Court in United States *v.* Bennett (T. D. 31975).

The board does not attempt to point out wherein that decision is authority for its action, and a careful reading of the decision fails to

---

[1] Reported in T. D. 32567 (22 Treas. Dec., 928).

disclose wherein it supports the board's conclusion. On the contrary, long-established regulations of the Treasury Department authorizing the exact converse in practice are in that decision quoted with approval as one of the practices contributing to its logic. The Bennett case (2 Ct. Cust. Appls., 247; T. D. 31975), decided by this court, was an adjudication of the rights of an importer upon making entry upon a pro forma invoice as provided by that part of section 7 of the customs administrative law then in force declaring—

The duty shall not, however, be assessed in any case upon an amount less than the invoice *or entered value.*

The decision was a definition of the rights and liabilities under the statutes of the importer upon entry. Such a decision should not be construed as a definition or limitation of the powers and duties of the collector, whose powers and duties are not reciprocal to the right of entry by the importer, but are variously defined and affected by numerous other provisions of the law.

It is sufficient to say that while every reason in law and logic supports the proposition that an importer should be bound by his own entry of his own goods, there is no cogent reason why the collector should be reciprocally bound by these acts of the importer. The conclusion announced by the board is at variance with the long-established practice of the Treasury Department and the theory of the entire body of customs administrative law.

As was pointed out in the Bennett case, *supra,* since 1857, at least, the earliest date at which we have record of the Treasury Regulations, and consistently in substantially the same form ever since, collectors of customs were directed upon the filing of a certified invoice subsequent to a pro forma invoice to reliquidate upon the basis of the former where excess duties were indicated. The following epitomizes the substance of these regulations:

Where imports have been entered on affidavit and statement, in the absence of an invoice and the value in the invoice afterwards produced is less than that found by the appraiser on the entry, no allowance by return of duties can be made for the difference. But if the invoice shows a value greater than that ascertained by the appraisement, the United States will be entitled to duties on such excess value. (Cust. Regs. of 1857, art. 360; 1874, art. 341; 1884, art. 329; 1892, art. 285; 1899, art. 394.)

In the Bennett case we further said:

Congress must be presumed to have legislated upon this subject, having in view this long-continued departmental construction of the statute law, and in interpreting its enactments such executive construction becomes important. Komada *v.* United States (215 U. S., 392).

Moreover, the whole and consistent theory of the administrative law and purpose in compelling the production of the certified invoice after production of and liquidation upon a pro forma invoice is set at naught if the collector's hands are so tied that reliquidation can not follow.

The unmistakable intent of the Congress shown by the cognate provisions of the various parts of the statute is to allow a pro forma invoice (an informal invoice) and entry thereupon for the benefit of the importer, that he may come into possession of his goods; but that for final liquidation there shall be collected in and shown by the certified invoice when produced all the details of quantity, quality, discounts, charges, bounties, drawback, etc. That reliquidation *can not* be had thereupon when thus produced renders idle all those provisions of the administrative law requiring the bond for and the production of such after entry by pro forma invoice.

But were none of these things pertinent or true we are not certain that the collector's action herein does not find abundant warrant in the express words of the act of Congress June 22, 1874, section 21. While this statute is couched in the terms of a limitation, it uniformly has been construed a grant and measure of authority and power in the collector.

That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties.— Act of June 22, 1874, sec. 21.

While in this case there appears to have been a valid appraisement, the basis of the first liquidation upon the pro forma invoice by the collector, and while it has been held in a decision of great merit by the Board of General Appraisers (see case of Stewart, Howe & May Co., G. A. 4015, T. D. 18617), that in the presence of a valid appraisement without appeal therefrom by the collector, the collector could not, after the time for appeal therefrom by him expired, exercise the powers conferred upon the collector by section 21 of the act of June 22, 1874, without expressing an opinion in affirmance or disaffirmance of that decision, we think this case clearly ruled otherwise.

Section 4 of the customs administrative law provides:

And when entry of merchandise exceeding one hundred dollars in value is made by a statement in the form of an invoice, the collector shall require a bond for the production of a duly certified invoice.

The existence of this provision is necessitated by a possible subsequent liquidation.

In accordance with that direction of the Congress a form of bond therefor was duly prescribed and in this case duly executed by the importer. Among other things that bond provides:

Now, therefore, the condition of this obligation is such that if the above bounden obligors, or either of them, or either of their heirs, executors, or administrators, shall and do, within six months from date hereof, produce to the collector of the customs for the district * * * a duly authenticated invoice of the said goods, wares, and merchandise and shall pay to the said collector the amount of duty to which it shall appear by such invoice said goods, wares, and merchandise are subject, *over and above the amount of duties estimated on the appraisement of said goods*, wares, and merchandise, then the above obligation to be void; otherwise to remain in full force and virtue.—Customs Regulations, 1908, art. 182.

While this bond does not *in haec verba* follow the reading of the statute, it has, nevertheless, been held by the Supreme Court a valid bond. Moses *v.* United States (166 U. S., 571, 586). United States *v.* Dieckerhoff (202 U. S., 302, 309).

The provision of the statute inuring to the benefit of the importer in this case is that making an appraisement final in the absence of appeal. Without discussing whether or not that finality extends to and bars the collector from acting under the act of June 22, 1874, we think the provision one which may be waived by express stipulation by the importer. The express terms of the bond constitutes such a waiver, and stipulates that duties will be paid upon the certified invoice valuation. The bond particularly stipulates that, in consideration of the early release of his goods, to effect which and the protection of the revenues appraisement may be necessary, upon production of the certified invoice he will pay the amount of said invoice ''over and above the amount of duties estimated on the appraisement of said goods.'' As liquidation is nothing more nor less than the taking of duties by the collector, it must be held that the importer in this case has not only waived the benefit of the earlier appraisement, but has expressly stipulated that duties shall be finally taken in the amount here taken by the collector.

Aside, therefore, from the manifest intent of the statute permitting a pro forma invoice and entry thereupon, directing the production of a certified invoice, and the necessarily implied purpose thereof, and the clothing of the collector with a general power of reliquidation within one year, all conducing to the conclusion that this reliquidation was within the intent of the Congress as expressed in the statutes, as well as in conformity with the regulations of the department duly promulgated and enforced since the year 1857, the action of the collector in this case was supported by the express written stipulation of the importer, duly executed upon a valid consideration.

*Reversed.*