HAWLEY & LETZERICH v. UNITED STATES (No. 901).[1]

RELIQUIDATION, GOODS HAVING GONE INTO CONSUMPTION.

The protest here raises the single question as to the regularity of the collector's action when taken by the direction of the Secretary of the Treasury, and within one year from the original liquidation, the goods having in the meantime gone into consumption. The Secretary had authority under section 2652, Revised Statutes, to give the directions; the reliquidation was made within a prescribed period fixed by law, United States v. Hobbs (3 Ct. Cust. Appls., 256; T. D. 32567); and there was no error.

United States Court of Customs Appeals, December 16, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28053 (T. D. 32379).

[Affirmed.]

*Hatch & Clute* (*Walter F. Welch* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The appellant entered for importation at the port of Galveston, Tex., certain wrapping paper, which was classified by the collector under paragraph 415 of the act of 1909 as wrapping paper not specially provided for, or under paragraph 420 as manufactures of paper. The entries were liquidated on September 14, 1909. In March, 1910, the Auditor for the Treasury Department reported to the Secretary

[1] Reported in T. D. 33037 (23 Treas. Dec., 599).

of the Treasury that certain of the paper was dutiable at 4½ cents per pound under the provisions of paragraph 411 of said act for "papers, including wrapping paper, with the surface decorated or covered with a design, fancy effect, pattern, or character, whether produced in the pulp or otherwise, but not by lithographic process." The department thereupon instructed the collector at Galveston to reliquidate the entry under the last-named paragraph, which was done by the collector, and from this action a protest was filed by the importer. The grounds stated in the protest were, first, that the merchandise was properly classifiable in the alternative either as wrapping paper or as paper not specially provided for, 35 per cent and 30 per cent ad valorem, or as manufactures of paper, or as printing paper, or under paragraph 411 at 2 cents per pound, plus 10 per cent ad valorem. A second claim is made in the protest, which we quote:

We further claim that the change in the classification of this merchandise, long after the liquidation and by an official other than the official authorized by law to classify merchandise, is illegal and devoid of justness and equity, as goods were sold based on the liquidated duty.

It would appear that when the case came on for hearing no contention was made that the classification actually adopted by the reliquidation was incorrect, the importer's reliance being under the last quoted paragraph of his protest, and the importer offered to show that the goods in question had actually gone into consumption before the reliquidation occurred. The board overruled the protest, and the importer appeals.

The Board of General Appraisers, in overruling the protest, stated:

The only real issue raised is whether the collector could reliquidate the said entry within a year when directed so to do by the Secretary of the Treasury.

A further contention is made in this court by the appellant, reliance being placed upon the early case of United States v. Frazer (Fed. Cas. No. 15161). It is contended that there is no power in the collector after the goods are delivered to the importer, and neither the goods nor any part of them, nor samples, are accessible for examination for the purpose of appraisement or classification, to reliquidate the duty upon the report of an appraiser who never examined the goods.

We think, however, that the protest does not raise any question as to the regularity of the action of the collector other than that involved in the claim that he acted by direction of the Secretary of the Treasury. There is no suggestion in the protest that the information upon which to base a reliquidation was not in possession of the liquidating officer at the time the reliquidation occurred, and we agree with the Board of General Appraisers that the only question presented is whether such reliquidation could take place at any time within a year, and of this we have no doubt.

Section 21 of the act of June 22, 1874, reads:

That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties.

Prior to the enactment of this statute there had been no limitation upon the right of the collector to reliquidate. United States v. Calhoun (184 Fed. Rep., 501).

This statute placed a limitation which excluded reliquidation after one year, and by clear implication, it would seem, recognized and authorized a reliquidation within a year. See United States v. Hobbs (3 Ct. Cust. Appls., 256; T. D. 32567). See also Neresheimer v. United States (131 Fed. Rep., 977); Louisville Co. v. United States (144 Fed. Rep., 386); United States v. Mexican Co. (151 Fed. Rep., 545); and In re Forbes & Wallace (T. D. 23655), where the earlier cases are reviewed.

Considering, as we do, that the protest did not raise the question as to whether the collector had before him the data upon which to make reliquidation, we do not consider the question whether upon a proper protest such a question would be open to review by the courts.

It is doubtful whether the protest is sufficient to raise the question as to the action of the collector having been dictated by the Secretary of the Treasury. The reliquidation in fact was made by the collector, and this being so it is something of a stretch to say that the claim that the change in the classification of the merchandise was by an official other than the officer authorized by law to classify the merchandise was designed to raise the question whether the Secretary of the Treasury had such authority. But assuming that it does, the authority of the Secretary of the Treasury, the chief administrative officer of the department, to give directions and instructions to the collectors of the various ports is, we think, well settled (21 Opin. Atty. Gen., 205).

Section 2652 of the Revised Statutes in terms provides that—

It shall be the duty of all officers of the customs to execute and carry into effect all instructions of the Secretary of the Treasury relative to the execution of the revenue laws; and in case any difficulty shall arise as to the true construction or meaning of any part of the revenue laws the decision of the Secretary of the Treasury shall be conclusive and binding upon all officers of the customs.

We think this provision broad enough to authorize the action taken by the Secretary in the present case, and that the remedy for any misdirection of the Secretary is that pointed out in the customs administrative act.

We discover no error in the holding of the board, and the decision is *affirmed.*