## UNITED STATES *v.* WEISS (No. 2449)[1]

1. EVIDENCE, JUDICIAL NOTICE.

   An inspection of the samples before the court leads to the conclusion that they could be used for many purposes of adornment and dress, aside from their possible use as belt ornaments or fasteners.

2. CONSTRUCTION, PARAGRAPHS 346 AND 1428, TARIFF ACT OF 1922—BUCKLES.

   Paragraph 346, Tariff Act of 1922, provides for certain kinds of belt buckles and paragraph 1428 for certain kinds of buckles. A protestant against the collector's classification of buckles under paragraph 1428, claiming classification under paragraph 346, assumed the onus of proving that they were *belt* buckles.

3. ORNAMENTAL DRESS FASTENERS—CLASPS, BUCKLES, SLIDES.

   Fasteners to be used on the belts of women's dresses—made of base metal, ornamented with imitation precious stones, and silver plated—were correctly classified by the collector under paragraph 1428, Tariff Act of 1922, as "designed to be worn on apparel or carried on or about or attached to the person." Because they are silver plated, they are not classifiable with the clasps of paragraph 348. A showing that they are buckles, without proving that they are *belt* buckles, is not sufficient to effect their classification as belt buckles under paragraph 346.

### United States Court of Customs Appeals, April 20, 1925

APPEAL from Board of United States General Appraisers, Abstract 47513

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter* and *John A. Kemp,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument March 27, 1925, by Mr. Igstaedter and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The articles imported in this case were classified for duty by the collector at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922. The report of the appraiser, made a part of the record, states: "The merchandise consists of certain clasps in chief value of metal designed to be worn on the person." There are two official samples. Exhibit 1 consists of two circular pieces of metal,

---
[1] T. D. 40860.

one fitted with an eye and the other with a hook. Mounted on each piece is an imitation semiprecious stone. The metal is a base metal, principally lead, and silver plated. Exhibit 2 is a highly decorated ornament made of several pieces of metal soldered together in the form of a buckle, and with imitation precious stones mounted thereon. It is about 4 inches in length and 2 in width, in part, and has attached to its under side two metal loops, but with no device to catch and hold the ends of a belt or other like article. It is composed of base metal, silver plated. The value of Exhibit 1 is approximately $4.75 per dozen, while the value of Exhibit 2 is given at from $3 to $4 apiece.

The importer claims the goods to be dutiable under paragraph 346, and in the alternative under the first clause of paragraph 348.

On appeal to the Board of General Appraisers the protest was sustained and judgment entered, finding the goods dutiable under paragraph 346 aforesaid.

The various paragraphs of the act of 1922 involved, or so much thereof as is material, are as follows:

1428. * * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 75 per centum ad valorem.

346. Belt buckles, trouser buckles, and waistcoat buckles, shoe or slipper buckles, and parts thereof, made wholly or partly of iron, steel, or other base metal, valued at not more than 20 cents per hundred, 5 cents per hundred; valued at more than 20 and not more than 50 cents per hundred, 10 cents per hundred; valued at more than 50 cents per hundred, 15 cents per hundred; and in addition thereto, on all of the foregoing, 20 per centum ad valorem.

348. Snap fasteners and clasps, and parts thereof, by whatever name known, or of whatever material composed, not plated with gold, silver, or platinum, and not mounted on tape, 55 per centum ad valorem; mounted on tape, including sew-on fasteners, 60 per centum ad valorem.

Some other claims are made in the protest filed in this case, but as they are not argued in this court they will not be considered here.

On the hearing before the Board of General Appraisers, Mr. John E. Ehrlich, a manufacturer of ladies' dresses, and a member of the importer's firm, testified for the importer. His testimony was, in substance, that the exhibits were known to the trade as buckles, and when ordered by him were used to be sewed upon the belts of ladies' dresses. When asked whether these were exclusively used for the fastening of ladies' belts, he answered, "I can not say as to that." He further stated they were used for ornamentation, and that the articles represented by Exhibit 1 were principally used to fasten ladies' belts.

H. W. Gilmore, a customs official, witness for the Government, testified in substance that he had passed the merchandise in question,

that he was familiar with it, and that Exhibit 1 was a clasp, and Exhibit 2 a slide.  There was no other evidence in the case.

The controversy here is whether these goods shall be classified as "articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles," or whether they are more specifically described as belt buckles under paragraph 346.  The claim of the importer under paragraph 348 can not be maintained, in view of the evidence that the articles of import are silver plated.

The collector found the merchandise to be clasps in chief value of metal designed to be worn on the person.  The ordinary presumption of correctness attaches to this finding.  The evidence before the board was contradictory, that of the importer tending to show the merchandise was buckles and that on the part of the Government tending to sustain the collector.  If this were a case of conflicting evidence only, the court below having heard the witnesses testify, we would be inclined, under the general rule, to not disturb its judgment.  But taking, however, the testimony of the importer at its full face value, it fails to show that the merchandise is belt buckles, but shows only that the articles are known as buckles.  Furthermore, an inspection of the samples now before the court leads to the conclusion that these exhibits could be used for many purposes of adornment and dress, aside from their possible use as belt ornaments or fasteners.

In order to bring the articles in question within the scope of paragraph 346, it must affirmatively appear that they are belt buckles.  If they are denominated and known to the trade as buckles only, and are, as is conceded here, designed to be worn on apparel or carried on or about or attached to the person, then they are included within paragraph 1428.  This is, in our opinion, as far as the evidence in the case goes.  The burden was on the importer to prove that the merchandise was what he claimed it to be, belt buckles, and not what the collector had found it to be, namely, clasps.  Unless he did this, or unless we can clearly see, by inspection of the samples, the classification is wrong, it should stand.  To prove the articles are buckles is not sufficient to prove they are belt buckles.—*Pritchard & Co.* v. *United States*, 2 Ct. Cust. Appls. 247, T. D. 31974; *Hampton, jr., & Co.* v. *United States*, 12 Ct. Cust. Appls. 490, T. D. 40695.

For these reasons the judgment of the Board of General Appraisers is *reversed*.