## KOMADA & CO. *v.* UNITED STATES.

No. 220. Argued November 29, 30, 1909.—Decided January 3, 1910.

The construction given by the Department charged with executing a tariff act is entitled to great weight; and where for a number of years a manufactured article has been classified under the similitude section this court will lean in the same direction; and so held that the Japanese beverage, sake, is properly dutiable under § 297 of the tariff act of July 24, 1897, c. 11, 30 Stat. 151, 205, as similar to still wine and not as similar to beer.

After a departmental classification of an article under the similitude section of a tariff law, the reënactment, by Congress, of a tariff law without specially classifying that article may be regarded as a qualified approval by Congress of such classification.

THIS case is before us on a writ of certiorari to the United States Circuit. Court of Appeals for the Ninth Circuit. The question is the proper classification, under the tariff act of July 24, 1897, 30 Stat. 151, c. 11, of a Japanese beverage known as "sake." "Sake" is not named in that act, but § 7 (p. 205), frequently spoken of as "the similitude section," reads as follows:

"That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such non-enumerated

article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty."

In November, 1904, petitioner imported some sake at the port of San Francisco, and, following prior rulings, the collector, under the similitude section, held it similar to still wine containing more than fourteen per cent of absolute alcohol, and dutiable accordingly at fifty cents per gallon, under paragraph 296 (p. 174). The petitioner protested and claimed that it was either a non-enumerated manufactured article, dutiable at twenty per cent ad valorem, under § 6 (p. 205), or, by reason of similitude to ale, porter or beer, at twenty cents per gallon under paragraph 297 (p. 174). Both the board of general appraisers and the Circuit Court sustained the protest, feeling themselves constrained by the decision of the Circuit Court for the Southern District of New York (*Nishimiya* v. *United States*, 131 Fed. Rep. 650) and that of the Circuit Court of Appeals for the Second Circuit, (*United States* v. *Nishimiya*, 137 Fed. Rep. 396; *S. C.*, 69 C. C. A. 588). On appeal, the United States Circuit Court of Appeals for the Ninth Circuit reversed the decision of the Circuit Court and sustained the classification made by the collector.

*Mr. Thomas Fitch* and *Mr. W. Wickham Smith*, with whom *Mr. John M. Thurston* was on the brief, for petitioner:

Under the similitude section of the tariff act the similitude must be substantial. *Arthur* v. *Fox*, 108 U. S. 125; *Murphy* v. *Anderson*, 96 U. S. 131.

In cases of doubtful classification of articles the construction is to be in favor of the importer. *Powers* v. *Barney*, 5 Blatchf. 202; *Adams* v. *Bancroft*, 5 Sumner, 384; *Hartranft* v. *Wiegmann*, 121 U. S. 609; *Am. N. & T. Co.* v. *Worthington*, 141 U. S. 468; *United States* v. *Wiggleworth*, 2 Story, 369; *United States* v. *Davis*, 54 Fed. Rep. 147; *Matheson & Co.* v. *United States*, 71 Fed. Rep. 394; *Hempstead & Sons* v. *Thomas*, 122 Fed. Rep. 538.

While the highest rate of duty will be imposed where the

similitude is equal, yet, in determining whether there is or is not an equality, the doubt will be resolved in favor of the importer. *Tiffany* v. *United States*, 112 Fed. Rep. 672; *Re Guggenheim Smelting Co.,* 112 Fed. Rep. 517; *United States* v. *Dana*, 99 Fed. Rep. 433; *Re Herter Bros.*, 53 Fed. Rep. 913; *Mandell* v. *Seeberger*, 39 Fed. Rep. 760. And see also *United States* v. *Wotton*, 53 Fed. Rep. 344; *United States* v. *Schoverling*, 146 U. S. 76; *Von Bernuth* v. *United States*, 146 Fed. Rep. 61; *Hahn* v. *United States*, 100 Fed. Rep. 635.

Methods of manufacture are to be considered in determining similitude. *Weilbacher* v. *Merritt*, 37 Fed. Rep. 85; *Greenleaf* v. *Goodrich*, 101 Fed. Cas. 1168; aff'd 101 U. S. 278.

There is no force in the suggestion that the decision in the *Woozens Case*, G. A. 2786, establishes any rule of construction. That rule can only be invoked after long continued practice in the same case. *Merritt* v. *Cameron*, 137 U. S. 542; *United States* v. *Johnson*, 173 U. S. 363, 377; *Cross* v. *Burke*, 146 U. S. 82, 87.

The doctrine of commercial designation does not apply, and if it did the weight of evidence is against the Government.

That sake is not a spirituous beverage is shown by numerous decisions, six of state, two of Federal, courts besides one of this court. The testimony of five importers and two Government appraisers shows that sake is not a wine by commercial designation. Statistics of Japanese immigration show that the commercial world has never acquiesced in its classification as a wine. The rulings of the internal revenue department show that there it has for years been classed and taxed as a beer. The customs laws show that the quantity of alcohol in a beverage is not the test by which it is classified. The evidence conclusively shows that in material from which made, in process of manufacture, in chemical composition, in stability, in taste and in manner of use there are wide dissimilitudes between sake and still wine.

The sole similitude between wine and sake is in alco-

holic strength. The General Board of Appraisers, the United States Circuit Court for the Southern District of New York, the United States Circuit Court for the Second Circuit and the United States Circuit Court for the Northern District of California all decided that the one similitude in alcoholic strength was not sufficient as against the many dissimilitudes to establish a substantial similitude between sake and wine. The United States Circuit Court of Appeals for the Ninth Circuit decided that the one similitude of alcoholic strength overcomes all dissimilitudes.

*Mr. J. C. McReynolds,* Special Assistant to the Attorney General, with whom *The Attorney General* was on the brief, for the United States:

The action of the collector is presumptively correct and the burden is on the importers to establish their contention; the judgment of the Circuit Court of Appeals should be approved, therefore, even though this court should think the weight of evidence against that conclusion. *Arthur* v. *Unkart,* 96 U. S. 118; *Earnshaw* v. *Cadwalader,* 145 U. S. 247, 262; *Erhardt* v. *Schroeder,* 155 U. S. 124; *United States* v. *Ranlett,* 172 U. S. 133, 146. Similarity is a question of fact. *Herman* v. *Miller,* 127 U. S. 363, 370.

As this classification has existed since 1894 no hardship whatever has been imposed on the importer. *United States* v. *Hermanos,* 209 U. S. 337. And see *Robertson* v. *Downing,* 127 U. S. 607; *United States* v. *Healy,* 160 U. S. 136; *United States* v. *Falk,* 204 U. S. 143; *Hill Bros.* v. *United States,* 151 Fed. Rep. 476; *Morningstar* v. *United States,* 159 Fed. Rep. 287.

The similitude clause has long been a part of tariff legislation. See tariff act of 1842 and all subsequent ones. *Stuart* v. *Maxwell,* 16 How. 150, 160. As to the construction of that clause see *Arthur* v. *Fox,* 108 U. S. 125; *United States* v. *Roessler Co.,* 137 Fed. Rep. 770; *Greenleaf* v. *Goodrich,* 101 U. S. 278, 283; *Weilbacher* v. *Merritt,* 37 Fed. Rep. 85; *Mandell* v. *Seeberger,* 39 Fed. Rep. 760; *Keary* v. *Magone,* 40 Fed.

Rep. 873; *Re Herter Bros.*, 53 Fed. Rep. 913; *United States* v. *Dana*, 99 Fed. Rep. 433; *Hahn* v. *United States*, 100 Fed. Rep. 635; *Tiffany* v. *United States*, 112 Fed. Rep. 672; *Re Smelting Co.*, 112 Fed. Rep. 517; *Waddell & Co.* v. *United States*, 124 Fed. Rep. 301; *Rich* v. *United States*, 177 Fed. Rep. 293.

Sake is similar to still wines as measured by use, quality and material, and although there may be some similarity to beer there is a greater similarity to still wine.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Something can be said on both sides of the question of similarity, and if the case turned simply upon that question it might be difficult to reach a satisfactory conclusion. In such a case the construction given by the Department charged with the execution of the tariff acts is entitled to great weight. As said by Mr. Justice McKenna, delivering the recent opinion of the court in *United States* v. *Hermanos*, 209 U. S. 337, 339:

"We have said that when the meaning of a statute is doubtful great weight should be given to the construction placed upon it by the department charged with its execution. *Robertson* v. *Downing*, 127 U. S. 607; *United States* v. *Healey*, 160 U. S. 136. And we have decided that the reënactment by Congress, without change, of a statute which had previously received long continued executive construction is an adoption by Congress of such construction. *United States* v. *Falk*, 204 U. S. 143, 152."

In the decision of this case Mr. Justice White and Mr. Justice Peckham concurred solely because of the prior administrative construction.

Prior to 1894 sake was classified by similitude to distilled liquor and subjected to a duty of $2.50 per proof gallon under paragraph 329, act 1890, 26 Stat. 567, 589, c. 1244, and $2 under Schedule A, act 1883, 22 Stat. 488, 494, c. 121.

In July, 1894, Y. Woozeno protested against this classification, claiming the liquor was dutiable under the act of 1890 by similitude to still wine. He was sustained by the Board of General Appraisers in opinion dated October 4, 1894 (T. D. 15392, G. A. 2786). The Treasury Department acquiesced, and has acted accordingly until the present time; no protest against the practice was entered until March, 1902. Three years after the ruling in the Woozeno case, Congress passed the tariff act of 1897, which in no way modified the provisions upon which the appraisers had previously based their decision. This in effect confirmed their action. In March, 1902, Hackfeld & Co., Honolulu, protested against the classification of "sake" by similitude to still wine, but the prior ruling was sustained by the appraisers and the importer acquiesced in the decision. In the tariff act of 1909 sake is specially enumerated with still wine, (paragraph 307):

"Still wines, including ginger wine or ginger cordial, vermuth, and rice wine or sake, and similar beverages not specially provided for in this section, . . . if containing more than fourteen per centum of absolute alcohol, sixty cents per gallon." 36 Stat. 11, 40, c. 6.

In April, 1903, Nishimiya imported some sake at New York, and protested against the classification by similitude to still wine. The board of appraisers sustained the collector, but on appeal to the Circuit Court for the Southern District of New York the Circuit Judge thought that sake was not sufficiently like either wine or beer to be classified by similitude, and held it to be a non-enumerated manufactured article. This conclusion was sustained by the Circuit Court of Appeals for the Second Circuit. United States v. Nishimiya, supra.

Thus it appears that prior to 1894 sake was classified by similitude to distilled liquor, and then on a protest by an importer it was classified by similitude to still wine, and that ruling has been followed from that time to the present, receiving in the meantime at least a qualified approval by

Congress. It was accepted without challenge until 1902. Then, a protest against it having been overruled, it remained unchallenged for another year. After this, and in the latest tariff act, Congress has in terms put sake in the category with still wines.

Under these circumstances we think the intent of Congress in respect to the classification of sake is clearly manifested, and the judgment of the Court of Appeals is

*Affirmed.*