NORTHEASTERN SURETY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62624. Promulgated November 2, 1933.

*Henry Brach, C.P.A.,* for the petitioner.
*Allin H. Pierce, Esq.,* for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1929 in the amount of $15,316.97. The sole issue is whether or not the petitioner is entitled to have, its income for the taxable year computed by reference to inventories of securities taken at market value at the beginning and end of the year. It is conceded that, if the taxable income is to be determined without reference to such inventories, the deficiency asserted by the respondent is correct.

The petitioner is a New York corporation, with its principal office in New York City. It was organized for the purpose of engaging in the business of writing indemnity and casualty insurance and surety bonds.

It was the practice of the petitioner during the taxable year to place a large portion of its funds in stocks and bonds of various corporations, including the bonds of various states, counties and municipalities. The purchases and sales of securities which the petitioner made were for its own account. Its officers believed that they had a knowledge of the markets and the ability to buy and sell securities at an advantage for petitioner's account.

The petitioner did not possess any license from the State of New York or New York City, as required by New York law, to engage as a dealer in the purchase and sale of securities; it did not advertise or otherwise hold itself out to the public as a dealer in securities; and it did not publish or offer any lists of securities to the public for sale. It did not employ any salesmen to sell securities to customers, and it did not buy the securities, as merchandise or stock in trade, with a view to deriving gain or profit from resale to customers. The petitioner's principal business, the purpose for which it was organized and in connection with which it held itself out to the public, was that of an insurer of properties, and consisted largely of writing casualty insurance on taxicabs in New York City.

The petitioner's business was subject to regulation by the Superintendent of Insurance of the State of New York, and it was required to file annual reports of its operations. The annual reports included an inventory of securities on hand at the close of the current year. The petitioner did not use inventories in connection with its income tax return for the year 1928, nor in connection with its tentative or final return for 1929, and offered no proof that it had at any time received authority from the Commissioner to change its method of accounting for tax purposes so as to use inventories. The peti-

tioner did not make entries on its ledger necessary to adjust to market value the securities on hand at the end of the year.

The Revenue Act of 1928 contains the following provisions:

SEC. 22. (c) *Inventories.*—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

SEC. 41. GENERAL RULE.—The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Pursuant to section 22 (c), *supra,* the respondent promulgated in his Regulations 74, under the Revenue Act of 1928, the following provisions:

ART. 105. *Inventories by dealers in securities.*—A dealer in securities, who in his books of account regularly inventories unsold securities * * * may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years, unless another be authorized by the Commissioner. For the purpose of this rule a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. * * * Taxpayers who buy and sell or hold securities for investment or speculation and not in the course of an established business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule.

This regulation, we think, is reasonable, and designed to carry out fairly the terms and intent of the statute.

The facts, in our opinion, clearly show that this petitioner was not a merchant or dealer in securities. Its activities in relation to securities were of a twofold nature—a portion of its funds was required by law to be and was invested in securities of designated classes, and the securities so purchased represented more or less permanent investments; all other securities it bought and sold on the market for its own account on the basis of speculation, and not in the regular course of an established business as a dealer who purchases securities for resale to customers.

Nor is it shown that in its books of account the petitioner regularly inventoried unsold securities, as required by respondent's regulation;

the petitioner concedes that it did not. In its tax returns for 1928 and 1929, which are in evidence before us, petitioner did not compute its taxable income by the use of inventories. While inventories were used in making reports to the state superintendent of insurance and to the stockholders, this we think is not sufficient. Section 41 of the statute, quoted *supra*, requires that net income shall be computed for tax purposes in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, unless such method does not clearly reflect income. Inventories were not regularly employed by this petitioner either in keeping its books or in making its tax returns, and hence it is not entitled to have its taxable income computed by the use of inventories unless such method is necessary in order clearly to reflect its income.

Petitioner contends, however, that the use of inventories for the taxable year is necessary in order clearly to reflect its income. We cannot agree with this contention. On the contrary, the use of inventories, as demanded by petitioner, would in our opinion distort its true income. Respondent computed the deficiency on the basis of the cost and selling price of the securities actually disposed of. Admittedly, petitioner seeks here to offset its taxable income by giving effect to unrealized losses which would result from inventorying at market the unsold securities at the end of the year. In the circumstances shown, the petitioner is not entitled to deduct from income an inventory loss. *Adirondack Securities Corp.*, 23 B.T.A. 61. Cf. *Kansas City Structural Steel Co.* v. *Commissioner*, 33 Fed. (2d) 53.

Respondent's determination is approved.

*Judgment will be entered for the respondent.*