DONANDER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62634. Promulgated November 8, 1933.

*Robert H. Rissinger, C.P.A.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the calendar year 1929 in the amount of $6,866.60. The sole question at issue is whether the petitioner is entitled to the deduction under section 23 (f) of the Revenue Act of 1928 of losses sustained upon the sales of shares of stock, or whether under the provisions of section 118 of the Revenue Act of 1928 the losses are not allowable as deductions because within 30 days before or after the dates of sale it purchased identical shares. The pertinent facts which are not in dispute are as follows:

The petitioner is a Delaware corporation, organized in 1913, with its principal office located at Wilmington. It has other offices in New York City and in Philadelphia. It has a capitalization of $1,000,000. All of its capital stock is owned by its president and his sister, heirs of Alexander Gordon. The petitioner was organized for the purpose of taking over the assets of the estate of Alexander Gordon. Since its organization it has been engaged in the business of owning and trading in securities of all types, stocks, bonds, mortgages, notes, and of collecting interest and dividends therefrom. Most of its purchases and sales of shares of stock are made through licensed brokers on the New York Stock Exchange and other exchanges. During the calendar year 1929 the petitioner engaged in 285 such transactions, all of which were made through brokers. The total purchases amounted to $2,667,813.14 and its total sales to $1,977,082.96. It sustained losses in that year on such transactions in the aggregate amount of $131,228.69 where within 30 days before or after the dates of sale identical shares of stock were acquired or reacquired. The respondent has disallowed the deduction of these losses upon the ground that the petitioner is not a " dealer in securities " within the meaning of section 118 of the Revenue Act of 1928.

Section 22 (c) of the Revenue Act of 1928 reads as follows:

(c) *Inventories.*—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the

Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Section 23 of the same act provides in part as follows:

In computing net income there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
(1) if incurred in trade or business; or
(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

\*      \*      \*      \*      \*      \*      \*

(f) *Losses by corporations.*—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

Section 118 of the same act provides:

In the case of any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) or has entered into a contract or option to acquire substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition, no deduction for the loss shall be allowed under section 23 (e)(2) of this title; nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business. If such acquisition or the contract or option to acquire is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed.

Article 105 of Regulations 74, promulgated pursuant to section 22 (c) of the Revenue Act of 1928, reads, so far as material, as follows:

\* \* \* For the purpose of this rule a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for investment. Taxpayers who buy and sell or hold securities for investment or speculation and not in the course of an established business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule.

Article 661 of Regulations 74, promulgated pursuant to section 118 of the Revenue Act of 1928, provides, so far as material, as follows:

\* \* \* A taxpayer, other than one in the trade or business of buying and selling securities, can not deduct any loss claimed to have been sustained from

the sale or other disposition of stock or securities, if within 30 days before or after the date of such sale or other disposition he has acquired (otherwise than by bequest or inheritance), or has entered into a contract or option to acquire, substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition. * * * This provision is designed to prevent a taxpayer who owns securities, other than one in the trade or business of buying and selling securities, from claiming as a deduction in computing net income the so-called "loss" sustained from a sale of securities which is immediately followed or immediately preceded by a purchase of substantially identical securities. * * *

We held in *Adirondack Securities Corp.*, 23 B.T.A. 61, that a taxpayer trading in stocks and other securities on the stock exchange through brokers was not a dealer in securities entitled to the use of inventories within the meaning of article 1615 of Regulations 69. In our opinion we said:

The evidence in this proceeding discloses that the petitioner did not operate as a broker and there is no evidence that it regularly sold securities to customers. The proof clearly shows, however, that the petitioner bought and sold securities solely for its own account. Article 1615 of Regulations 69 defines a dealer in securities whose income may be determined by the use of inventories as an individual, partnership, or corporation regularly engaged in the purchase of securities and their resale to customers. Obviously, the petitioner does not come within this definition, but, on the contrary, it appears that the petitioner bought, sold or held securities for investment or speculation. Therefore, it is not entitled, under section 205 of the Revenue Act of 1926 and article 1615 of Regulations 69, to deduct from income an inventory loss.

The petitioner does not contend that it is a dealer in securities within the meaning of that term as defined by article 105 of Regulations 74. It points out, however, that it is not here claiming the deduction of any inventory loss on securities, but simply claiming a loss upon the sale of securities which were acquired or reacquired within 30 days before or after the dates of sale. It contends that it was a "dealer in securities" within the meaning of article 661 of Regulations 74 and that therefore it is entitled to deduct from gross income the losses sustained upon the sales.

The term "dealer in securities" as used in section 118 of the Revenue Act of 1928 is not defined by the statute. The respondent contends that his definition for "dealer in securities" contained in article 105 of Regulations 74, which reads, "a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers," is applicable. We agree. In our opinion an investor or speculator who buys and sells securities on a stock exchange only is not a dealer in securities within the contemplation of the statute, regardless of the number of purchases and sales. Likewise we think that a corporation such as the petitioner, which carries on an investment business

for its own profit and buys and sells shares of stock and other securities upon stock exchanges, is not a dealer in securities. The term rather has application to a merchant who holds himself out to sell to customers. If Congress had intended the word " dealer " to include a speculator or investor, we think that it would have used language which would more aptly convey that thought than does the language used. It was apparently the intention of Congress that a corporation which sells securities and repurchases them within a period of 30 days should not be permitted to deduct a loss in respect of the sale, but that the repurchased securities should stand in the stead of those which were sold. The respondent has so interpreted the law. Article 602, Regulations 74.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

McMAHON dissents.