OIL SHARES, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62828. Promulgated January 5, 1934.

*Frederick L. Pearce, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

OPINION.

BLACK: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1929 in the amount of $279.78. Petitioner contends that, instead of there being a deficiency, a refund is due it of the total taxes paid for that year in the amount of $95,970.25. The only question at issue is whether, under section 22 (c) of the Revenue Act of 1928, petitioner is entitled to have its income for the taxable year computed on the basis of inventorying its securities on hand at the beginning and end of the year at cost or market, whichever is lower.

Petitioner is a corporation of the State of Maryland, with its principal office at 15 Exchange Place, Jersey City, New Jersey. On March 15, 1930, it filed an income tax return for the year 1919, and reported items of gross income and deductions, as follows:

GROSS INCOME:

| | |
|---|---|
| Interest | $109, 647. 12 |
| Profit from sale of securities | 1, 003, 173. 86 |
| Dividends, domestic corporations | 300, 651. 50 |
| Dividends, foreign corporations | 32, 175. 50 |
| Total Gross Income | $1, 445, 647. 98 |

DEDUCTIONS:

| | | |
|---|---|---|
| Expenses (grouped) | $248, 511. 94 | |
| Interest and Taxes | 23, 758. 31 | |
| Dividends, domestic corp | 300, 651. 50 | |
| Depreciation | 269. 37 | |
| Total Deductions | | $573, 191. 12 |

| | |
|---|---|
| Net Income as reported by petitioner | $872, 456. 86 |

The above reported profit of $1,003,173.86 from the sale of securities was the difference between the selling price and the cost of the securities sold.

The respondent, in determining the deficiency, disallowed an item of expense in the amount of $2,543.45, thereby increasing petitioner's net income to the amount of $875,000.31. The respondent's action in disallowing this item is not questioned, the only question being petitioner's right to inventory its securities at "cost or market, whichever is lower."

The proceeding was submitted upon a stipulation of facts, together with certain oral and documentary evidence. The stipulated facts are as follows:

1. The petitioner corporation organized in February 1928, owned on December 31, 1928 and December 31, 1929, securities in companies engaged in, or related to, the petroleum industry, which securities were recorded on petitioner's books at their cost. In connection with the closing of the petitioner's books for each year, the said securities were inventoried and valued at cost or market whichever was lower, at the end of each year. The said inventories were not adjusted upon petitioner's books but a note was carried upon the balance sheet each year showing the decline of market value of the said securities below cost.

2. The petitioner made formal application to the Commissioner of Internal Revenue in November 1929, for permission to employ its inventories of securities on December 31, 1928 and December 31, 1929, valued on the basis of cost or market whichever is lower, in computing its net income upon its books and in its return for the calendar year 1929. The Commissioner in a letter dated in January 1930, denied such permission.

3. The securities held by the petitioner had values on the dates and bases listed below, as follows:

| Date | Cost | Cost or Market Whichever Was Lower |
|------|------|------------------------------------|
| Dec. 31, 1928 | $9,434,515.79 | $9,139,444.29 |
| Dec. 31, 1929 | 11,074,352.23 | 8,698,141.72 |

4. The Commissioner determined a taxable net income for the petitioner for the year 1929 (without the employment of inventories) of $875,000.31 in his deficiency notice from which the instant appeal was taken.

5. If the petitioner's inventories of securities on December 31, 1928, and December 31, 1929, should be used in determining its income for the year 1929, there would be a loss for that year amounting to $1,206,138.70, and, after making the adjustments required by Section 117 of the Revenue Act of 1928 including total dividends received from domestic corporations of $300,651.50, a net loss of $905,487.20 for the year 1929.

In addition to the stipulated facts, it was developed at the hearing that petitioner was organized for the purpose of getting an aggregate of capital and making use thereof in the purchase and sale of securities, bonds and stocks, in companies that were engaged in the oil and gas industry; that it had between 2,500 to 2,800 stockholders during the year 1929; that it was operated by a purchase and sales committee of the board of directors, which passed upon every purchase and sale; that there were no short sales; that 95 to 98 percent of the entire purchases and sales were of securities listed on either the New York Stock Exchange or the New York Curb; that the purchases and sales were made for its own account through brokers for cash; that it made no purchase or sale of securities for the account of customers; that petitioner had from five to six employees, one of whom was constantly on the ticker; that the average time

petitioner held a security was from a week to three months; that during January 1929 petitioner made 15 separate purchases and 45 separate sales; that during February 1929 it made 8 separate purchases and 121 separate sales; that during March 1929 it made 98 separate purchases; that a general activity continued during the balance of the year; that during the entire year 465,890 shares were sold at a total selling price of $9,904,986.15; and that each transaction ranged from 100 shares to 400 or 500 shares, with one purchase as large as 25,000 shares. The letter dated January 10, 1930, and referred to in paragraph 2 of the above stipulation, is quoted in part, as follows:

Reference is made to your letter of December 23, 1929, relative to your request for permission to employ an inventory basis in computing taxable net income and to use in connection therewith a valuation method of cost or market whichever is lower. Such application is made with respect to 1928 and future taxable years.

* * * * * * *

In reply you are advised that your employment of an inventory basis for income tax purposes is dependent upon whether or not you can qualify as a dealer in securities as that term is defined in Article 105 of Income Tax Regulations 74. * * *

Upon careful consideration of the facts and statements contained in your letters of November 25 and December 13, 1929, it is held that your corporation does not fall within the classification of a dealer in securities as contemplated by Article 105 of Income Tax Regulations 74. Accordingly, the use of an inventory basis in the computation of your taxable net income is hereby denied.

Because of this ruling petitioner did not adjust its books for the year 1929 for the inventories it had taken and did not employ an inventory basis in the computation of its income in its return for 1929, but determined the profit or loss from each separate sale as being the difference between the cost and selling price of the security sold. It did, however, adjust its books to the basis of its inventory of securities during April 1931.

Is petitioner entitled to inventory its securities on hand at the beginning and end of the taxable year at cost or market, whichever is lower?

This is substantially the same question that was before us in *Adirondack Securities Corp.*, 23 B.T.A. 61. The petitioner in that case bought, sold, and dealt in securities solely for its own account. It made no purchases or sales for the account of customers. The year involved was 1925. It contended that it was entitled to inventory its securities on hand at the close of the year on the basis of cost or market, whichever was lower. In denying that contention, we said:

The evidence in this proceeding discloses that the petitioner did not operate as a broker and there is no evidence that it regularly sold securities to customers. The proof clearly shows, however, that the petitioner bought and

sold securities solely for its own account. Article 1615 of Regulations 69 defines a dealer in securities whose income may be determined by the use of inventories as an individual, partnership, or corporation regularly engaged in the purchase of securities and their resale to customers. Obviously, the petitioner does not come within this definition, but, on the contrary, it appears that the petitioner bought, sold or held securities for investment or speculation. Therefore, it is not entitled, under section 205 of the Revenue Act of 1926 and article 1615 of Regulations 69, to deduct from income an inventory loss.

Section 205 and article 1615 referred to in *Adirondack Securities Corp.*, *supra*, with the exception of the last sentence of article 1615, which is not material here, are identically the same as section 22 (c) of the Revenue Act of 1928 and article 105 of Regulations 74, respectively, the section and article applicable in the instant proceeding.

In *Donander Co.*, 29 B.T.A. 312, the petitioner was engaged in the business of owning and trading in securities of all types. During the year 1929 it engaged in 285 transactions, all of which were made through brokers. It sought to deduct losses on such transactions in the aggregate amount of $131,228.69, where within 30 days before or after the dates of sale, identical shares of stock were acquired or reacquired. Section 118 of the Revenue Act of 1928 prohibited the deduction " unless the claim is made by a corporation, a dealer in stocks or securities * * *." In holding that the Donander Co. was not a " dealer in securities " we said:

The term " dealer in securities " as used in section 118 of the Revenue Act of 1928 is not defined by the statute. The respondent contends that his definition for " dealer in securities " contained in article 105 of Regulations 74, which reads, " a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers," is applicable. We agree. In our opinion an investor or speculator who buys and sells securities on a stock exchange only is not a dealer in securities within the contemplation of the statute, regardless of the number of purchases and sales. Likewise we think that a corporation such as the petitioner, which carries on an investment business for its own profit and buys and sells shares of stock and other securities upon stock exchanges, is not a dealer in securities. The term rather has application to a merchant who holds himself out to sell to customers. If Congress had intended the word " dealer " to include a speculator or investor, we think that it would have used language which would more aptly convey that thought than does the language used. * * *

In the instant proceeding, however, petitioner contends that, under section 22 (c) of the Revenue Act of 1928, the provisions of article 105 of Regulations 74 with respect to inventories of a dealer in securities are not conclusive of the issue; that, in an established business in which purchases and sales with a view to profit are a material part of the operations, the use of inventories is required; that the fact that the taxpayer is not a dealer does not preclude the use of inventories; that the use of inventories is required where their

employment is essential to reflect the financial condition of the taxpayer; and that the use of inventories is required where their employment is essential to reflect the result of the year's operations and the true gain of the taxpayer for the period. Section 22 (c) provides:

(c) *Inventories.*—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Substantially identical provisions were contained in each of the four revenue acts preceding the act here in question. See section 203 of the Revenue Acts of 1918 and 1921 and section 205 of the Revenue Acts of 1924 and 1926. Under each of these acts the respondent has consistently provided in his regulations that in order to clearly reflect income only " dealers in securities " will be permitted to inventory securities, and in each of his several regulations the definition of a dealer has remained identically the same, namely, " a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom." See article 1585 of Regulations 45 and 62, article 1615 of Regulations 65 and 69, and article 105 of Regulations 74. Not only has this provision of the respondent's regulations met with our approval in *Adirondack Securities Corp.* and *Donander Co., supra,* but it is our opinion that this long continued executive construction must be deemed to have received legislative sanction by the reenactment by Congress of the same identical statutory provision without substantial change in the several revenue acts. *United States* v. *Falk,* 204 U.S. 143; *United States* v. *Cerecedo Hermanos y Compania,* 209 U.S. 337; *Komada* v. *United States,* 215 U.S. 392; *Brewster* v. *Gage,* 280 U.S. 327; *Murphy Oil Co.* v. *Burnet,* 287 U.S. 299; *United States* v. *Dakota-Montana Oil Co.,* 288 U.S. 459; *Commonwealth Commercial State Bank* v. *Lucas,* 41 Fed. (2d) 111.

It follows from what we have said that for petitioner to be entitled, under section 22 (c) of the Revenue Act of 1928, to inventory its securities on hand at the beginning and end of the taxable year at cost or market, whichever is lower, it must come within the respondent's definition of a dealer in securities. And we do not think petitioner comes within this definition. It bought and sold securities not for the account of customers, but entirely through brokers for its own

account. Under such circumstances, the respondent's refusal to permit petitioner to inventory its securities at cost or market, whichever is lower, is sustained. *Adirondack Securities Corp., supra; Donander Co., supra.* Cf. *Northeastern Surety Co.,* 29 B.T.A. 297.

*Decision will be entered for the respondent.*