## THE TEXAS LAND & MORTGAGE COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67521. Promulgated June 7, 1934.

*W. M. Smith*, *Esq.*, for the petitioner.
*C. A. Ray*, *Esq.*, for the respondent.

### OPINION.

TRAMMELL: This proceeding is for the redetermination of deficiencies in income tax of $250.66 and $984.19 for the fiscal years ended March 31, 1930, and March 31, 1931, respectively. The only matter in controversy is whether in determining the petitioner's taxable income for each of the years in question the respondent

correctly determined the proportion of petitioner's expenses, losses, and other deductions which could not definitely be allocated to some item or class of gross income for the respective years. All other issues were conceded by the respondent. The proceeding was submitted upon a stipulation of facts and certain documentary evidence.

The petitioner is a foreign corporation, with its principal office in London, England, and its domestic office in Dallas, Texas. Most of its income is derived from interest on mortgage loans, while only a minor part arises from dividends, interest on bank deposits and corporation bonds, rents, and dealings in securities.

For the fiscal year ended March 31, 1930, the petitioner's gross income from all sources was $391,981.91, its gross income from sources within the United States was $320,102.36, its total losses on sales of securities was $28,802.99, and its losses on sales of securities made in the United States was $2,203.27. The amount of its expenses, losses, or other deductions which could not definitely be allocated to some item or class of gross income was $170,469.28.

In determining the deficiency for the fiscal year ended March 31, 1930, the respondent determined that $139,205.38, or 81.66 percent of the $170,469.28 representing expenses, losses, or other deductions not definitely allocable to some item or class of gross income, was the ratable part of the latter amount to be allowed as a deduction from gross income from sources within the United States. The percentage of 81.66 used by the respondent represents the proportion that the gross income from sources within the United States, $320,102.36, without deduction for losses of $2,203.27 on the sales of securities in the United States, bears to the gross income from all sources, $391,981.91, without deduction for total losses on the sales of securities of $28,802.99.

For the fiscal year ended March 31, 1931, the petitioner's gross income from all sources was $345,097.89, its gross income from sources within the United States was $282,632.68, its total losses on the sale of securities was $52,775.15 and its losses on the sale of securities in the United States was $8,238.26. The amount of its expenses, losses, or other deductions which could not definitely be allocated to some item or class of gross income was $167,265.97.

In determining the deficiency for the fiscal year ended March 31, 1931, the respondent determined that $136,990.83, or 81.90 percent of the $167,265.97 representing expenses, losses, or other deductions not definitely allocable to some item or class of gross income, was the ratable part of the latter amount to be allowed as a deduction from gross income from sources within the United States. The percentage of 81.90 used by the respondent represents the proportion that the gross income from sources within the United States,

$282,632.68, without deduction for losses of $8,238.26 on the sale of securities in the United States, bears to the gross income from all sources, $345,097.89, without deduction for total losses on the sale of securities of $52,775.15.

With respect to the fiscal year 1930 the petitioner asks that we determine that the proper deduction from gross income from sources within the United States on account of expenses, losses, or other deductions which could not definitely be allocated to some item or class of gross income was $149,215.79, or 87.53 percent of the unallocable deductions of $170,469.28, instead of $139,205.38 as determined by the respondent. With respect to the fiscal year 1931 the petitioner asks that we determine the corresponding deduction for that year to be $157,012.57, or 93.87 percent of the unallocable deductions of $167,265.97, instead of $136,990.83 as determined by the respondent. The petitioner's requests are based upon the contention that in determining the ratable part of expenses, losses, or other deductions to be allowed the gross income from all sources should be reduced by the total amount of the losses on all sales of securities and the gross income from sources within the United States should be reduced by the losses on the sales of securities in the United States. The respondent denies that this should be done and contends that his determination should be sustained.

The Revenue Act of 1928 provides as follows:

SEC. 22. GROSS INCOME.

(a) *General definition.*—" Gross income " includes gains, profits and income derived from * * * businesses, commerce, or sales or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

SEC. 21. NET INCOME.

" Net income " means the gross income computed under section 22, less the deductions allowed by section 23.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(f) *Losses by corporations.*—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

SEC. 231. GROSS INCOME.

(a) *General Rule.*—In the case of a foreign corporation gross income includes only the gross income from sources within the United States.

SEC. 232. DEDUCTIONS.

In the case of a foreign corporation the deductions shall be allowed only if and to the extent that they are connected with income from sources within the

United States; and the proper apportionment and allocation of the deductions with respect to sources within and without the United States shall be determined as provided in section 119, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Section 119, after stating in subsection (a) what items shall be treated as income from sources within the United States, provides:

(b) *Net income from sources in United States.*—From the items of gross income specified in subsection (a) of this section there shall be deducted the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States.

The same section, after stating in subsection (c) what items are to be treated as income from sources without the United States, further provides as follows:

(d) *Net income from sources without United States.*—From the items of gross income specified in subsection (c) of this section there shall be deducted the expenses, losses and other deductions properly apportioned or allocated thereto, and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be treated in full as income from sources without the United States.

(e) *Income from sources partly within and partly without United States.*—Items of gross income, expenses, losses and deductions, other than those specified in subsections (a) and (c) of this section, shall be allocated or apportioned to sources within or without the United States, under rules and regulations prescribed by the Commissioner with the approval of the Secretary. * * *

Article 680 of Regulations 74, relating to the Revenue Act of 1928, provides as follows:

ART. 680. *Apportionment of deductions.*—From the items specified in articles 671–676 as being derived specifically from sources within the United States there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any other expenses, losses, or deductions which can not definitely be allocated to some item or class of gross income. The remainder shall be included in full as net income from sources within the United States. The ratable part is based upon the ratio of gross income from sources within the United States to the total gross income.

The question here presented for determination is whether losses on the sale of securities constitute a *reduction* in gross income or a *deduction* from gross income. In other words, in determining gross income under the statutory definition, are losses on the sale of securities in a business in which such sales are only incidental to its main business deductible from gross income in determining the amount of gross income, or are they only deductible from gross income in determining net income? If the first of these alternatives is correct

the petitioner must prevail; otherwise, the action of the respondent must be sustained.  Our consideration of the question will be based on the assumption, as is indicated by the stipulation of the parties, that the losses from the sale of securities for the respective years, which the petitioner seeks to have applied in reduction of gross income for such years, represent the net result of all dealings in securities and not the amount of losses from transactions resulting in losses as distinguished from transactions in which gains were realized.

In our opinion the above quoted provisions of the statute clearly indicate that the losses in controversy are not to be used as a reduction in determining gross income.  Section 22 (a) states what items are to be included in gross income but contains no provision with respect to the application of losses to such items in order to determine the amount thereof.  Section 21 provides that net income shall be the gross income computed under section 22 less the deductions allowed by section 23.  The last section provides with respect to the computation of the net income of corporations that there shall be allowed as a deduction losses sustained during the taxable year and not compensated for by insurance or otherwise.  These sections of the act show that losses are items to be considered in computing net income and not gross income.  If losses were properly allowable as offsets or reductions in computing gross income they could, under sections 22 and 23 of the act, be allowed again as a deduction in determining net income, therefore resulting in their allowance twice, which is something that was not intended by the statute.  Sections 231, 232, and 119, relating more specifically to the income, gross and net, of foreign corporations, follow the same general plan set out in sections 21, 22, and 23.  The foregoing sections of the act do not furnish, nor are we able to find elsewhere in the act, authorization for the method here sought by the petitioner.  Consequently its contention is denied.

In providing in article 680 of Regulations 74 that from the items of income derived specifically from sources within the United States there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any other expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income, and that the remainder shall be included in full as net income from sources within the United States, we think the respondent has given a fair and reasonable construction to the pertinent portions of the statute.  We also think that the provision that the ratable part of any expenses, losses, or deductions which can not definitely be allocated to some item or class of gross income is to be based upon the ratio of gross income

866

from sources within the United States to the total gross income from all sources is likewise a fair and reasonable construction.

The pertinent provisions of the act relating to the apportionment of deductions in determining net income from sources within and without the United States first appeared in section 217 of the Revenue Act of 1921 and have been reenacted in substantially the same language in all subsequent acts. The·above mentioned provisions of article 680 of Regulations 74 as to the apportionment of deductions for the purpose of determining net income from sources within the United States first appeared in article 325 of Regulations 62 under the Act of 1921. They have appeared in practically identical language in the later regulations promulgated under all the subscquent acts. Under these circumstances we think they are entitled to be considered as having legislative adoption and any doubt as to their correctness as having been eliminated by legislative action. See *United States* v. *Falk*, 204 U.S. 143; *National Lead Co.* v. *United States*, 252 U.S. 140; *Commonwealth Commercial State Bank* v. *Lucas*, 41 Fed. (2d) 111; *Oil Shares, Inc.*, 29 B.T.A. 664.

Since we perceive no error in the respondent's determination with respect to the question in controversy, his action is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*