## LOOSE–WILES BISCUIT CO. v. RASQUIN, Collector of Internal Revenue.
### No. 7434.

District Court, E. D. New York.
Aug. 26, 1937.

Patterson, Eagle, Greenough & Day, of New York City (Carroll G. Walter and A. F. Schaeffner, both of New York City, of counsel), for plaintiff.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and James E. Murphy, Sp. Assts. to Atty. Gen., for defendant.

CAMPBELL, District Judge.

This action is brought to recover $8,-064.25 with interest on $7,812.93 from October 11, 1934, and on $251.32 from December 28, 1934, paid for taxes collected under section 602½ of the Revenue Act of 1934, 26 U.S.C.A. § 999, on the processing of Philippine coconut oil.

The plaintiff is a New York corporation and engaged in the manufacture of bakery products. In the manufacture of some of its bakery products, plaintiff uses coconut oil as shortening.

On May 10, 1934, when the Revenue Act of 1934 became effective, the plaintiff had on hand 260,431 pounds of coconut oil,

wholly the product of the Philippine Islands, or produced wholly from materials grown or produced in the Philippine Islands. This coconut oil had been purchased by the plaintiff in the state of New York, from persons who had, prior to May 10, 1934, causticated, bleached, and deodorized the crude coconut oil for the purpose of manufacturing and producing that article which that person intended, and could and did sell to this plaintiff, as an article suitable for use as shortening in bakery products.

After May 10, 1934, the plaintiff used this coconut oil as shortening, in shortening bakery products manufactured by it. On October 11, 1934, pursuant to the Treasury Department's regulations, the plaintiff filed its return under section 602½ of the Revenue Act of 1934 (48 Stat. 763, 26 U. S.C.A. § 999), reporting and paying a tax of $7,812.93 on the use by it after May 10, 1934, of the coconut oil mentioned. Later, on December 28, 1934, the plaintiff paid $251.32 as interest upon the payment made on October 11, 1934.

On October 30, 1934, a claim for refund of the amounts was filed, and on May 24, 1935, this claim for refund was rejected in full by the Commissioner of Internal Revenue.

The constitutionality of the statute has been sustained in Cincinnati Soap Co. v. United States (Haskins Bros. & Co. v. O'Malley), 301 U.S. 308, 57 S.Ct. 764, 81 L. Ed. 1122, decided by the United States Supreme Court May 3, 1937; therefore, the sole question which remains is the construction of the statute, the question presented being, Is the first domestic processing after May 10, 1934, the effective date of the law, taxable?

Section 602½ of the Revenue Act of 1934 (48 Stat. 763, 26 U.S.C.A. § 999), reads in part as follows: "There is imposed upon the first domestic processing of coconut oil, * * * with respect to * * * which * * * there has been no previous first domestic processing, a tax of 3 cents per pound to be paid by the processor. * * * For the purposes of this section the term "first domestic processing" means the first use in the United States, in the manufacture or production of an article intended for sale, of the article with respect to which the tax is imposed."

Article I (1) of Treasury Regulations 48, issued pursuant to section 1101 of the Revenue Act of 1926, 26 U.S.C.A. § 1691 (a) (1), Appendix, infra, as made applicable by section 602½ (f) of the Revenue Act of 1934 (26 U.S.C.A. § 999(f), Appendix, infra, authorizes the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury to prescribe and publish all needful rules and regulations for the enforcement of the Revenue Act of 1934. Pursuant to that authority, Treasury Regulations 48, relating to the processing tax imposed under section 602½ of the Revenue Act of 1934 (26 U.S.C.A. § 999), were issued. The pertinent parts of these Regulations read as follows:

"Article I (1). First domestic processing means the first use in the United States on or after the effective date of the Act. * * *"

"Article III. Imposition of the tax. —The tax is imposed only on the first domestic processing on or after the effective date of the Act. However, no tax is imposed on the use of palm oil, by the processor, in the manufacture of tin plate."

"Article IV. When tax attaches.— (a) The tax attaches upon the first domestic processing of the oil. If some part of the processing of a particular quantity of oil takes place on or after the effective date, the tax attaches notwithstanding that some part of the processing of such quantity took place before the effective date. (b) If oil has been subjected to any of the processes, either prior to the importation of such oil or prior to the effective date, or both, the tax attaches to the first domestic processing of such oil, after the effective date, in the manufacture or production of an article intended for sale."

Plaintiff contends that the coconut oil in question, which was used by it, subsequent to the effective date of section 602½, in the manufacture of bakery products, had been causticated, bleached, and deodorized in the United States by others, prior to the effective date of the act, and that such caustication, bleaching, and deodorizing constituted a first domestic processing within the meaning of the act, and that the processing or use to which it put the coconut oil in question was not the first domestic processing in the United States, and that, therefore, the act does not apply to the use made by the plaintiff of the coconut oil in question in the manufacture of bakery products.

The defendant contends that the first domestic processing to which the act applies is that which took place after the act went into effect, and that, therefore, the use by the plaintiff, of the coconut oil in question, constituted the first processing in the United States, as defined in the act, and the tax was properly collected.

■ If the regulation of the Commissioner of Internal Revenue, issued pursuant to section 1101 of the Revenue Act of 1926, was in compliance with the provisions of that act, it has the force and effect of law, and should be followed. Maryland Casualty Company v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 157, 64 L.Ed. 297; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; United States v. Birdsall, 233 U.S. 223, 231, 34 S.Ct. 512, 58 L.Ed. 930.

The defendant contends that such regulations reasonably construed the statute to apply to acts occurring after the effective date of the law.

■ In the construction of law, the presumption is that they are intended to operate prospectively only and not retroactively. ·Billings v. United States, 232 U.S. 261, 282, 34 S.Ct. 421, 58 L.Ed. 596; 25 Ruling Case Law 787, 789; Paul & Martens, Law of Federal Income Taxation, vol. 1, p. 58; Shwab v. Doyle, 258 U.S. 529, 534, 535, 42 S.Ct. 391, 392, 66 L.Ed. 747, 26 A.L.R. 1454; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 117, 74 L.Ed. 457.

■ No reason existed for Congress relieving from taxation the oil as to which there had been some processing prior to the effective date of the law, and I see no reason for so construing it, inasmuch as it does not appear to me that such was the intent of Congress.

■ The purpose of Congress, as I read the statute, was not to free from the tax articles processed prior to the effective date of the law, but merely to provide that oils taxed should not bear the tax more than once.

■ In order to determine what Congress intended we should read the whole act and acts having relation thereto, and we should also consider the purpose for which it was intended. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 377, 53 S.Ct. 620, 621, 77 L.Ed. 1265.

A consideration of the whole statute shows that, in addition to the 3 cent tax imposed by the first sentence of section 602½, the second sentence of that section imposed a surtax of 2 cents per pound upon the first domestic processing of coconut oil and provides that this surtax provision shall not apply where coconut oil "(A) is wholly the production of the Philippine Islands or any other possession of the United States or (B) was produced wholly from materials the growth or production of the Philippine Islands or any other possession of the United States, or (C) was brought into the United States on or before the 30th day after the date of the enactment of this Act [May 10, 1934], or produced from materials brought into the United States on or before the 30th day after the date of enactment of this Act, [May 10, 1934] or (D) was purchased under a bona fide contract entered into prior to April 26, 1934, or produced from materials purchased under a bona fide contract entered into prior to April 26, 1934."

Subdivision (C) of the foregoing quotation shows that stocks on hand are excepted from only the surtax on coconut oil, where all the requirements (A), (B), (C), or (D) are met. It thus appears to me that by specifically exempting from the surtax stocks which have been brought in the United States, or produced from materials brought into the United States, on or before 30 days after the effective date of the law, Congress was specifically dealing with an exemption, and, as it did not specifically exempt coconut oils as to which some processing had been done in the United States prior to the effective date of the Act, Congress showed its purpose not to create such an exemption.

■ Further, the tax on fish oils now contained in section 602 (26 U.S.C.A. § 999a) and the tax on oils now contained in section 602½ (26 U.S.C.A. § 999) when first proposed in Congress, both were combined in one section, namely, section 602, but prior to final passage the oils taxed in section 602½ were separated from the fish oils now contained in section 602 and placed in what is now section 602½. On the fish oils to which section 602 relates, there was imposed an import duty, but on the coconut and similar oils to which section 602½ relates, a processing tax was imposed, and, as the purpose of Congress was not only to obtain revenue, but also

the protection of the domestic dairy industry, there appears to be no reason why Congress should have exempted coconut oil, as to which there had been some processing in the United States prior to the effective date of the act, such as the oil in question. If this is not clearly the proper construction of the act, the administrative construction applied to the first domestic processing after the effective date of the law has been approved and adopted by Congress.

Congress, by section 702 of the Revenue Act of 1936 (26 U.S.C.A. § 999), amended section 602½ of the Revenue Act of 1934 without making any disapproving changes, and, this having been passed after the regulations were issued and requirement of the payment of the tax having been made, it seems to me to represent congressional approval of the regulations. Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 293, 55 S.Ct. 158, 160, 79 L.Ed. 367; Herring v. Commissioner, 293 U.S. 322, 325, 55 S.Ct. 179, 180, 79 L.Ed. 389; Komada & Co. v. United States, 215 U.S. 392, 396, 30 S.Ct. 136, 54 L.Ed. 249; Massachusetts Mutual Life Insurance Co. v. United States, 288 U.S. 269, 273, 53 S.Ct. 337, 339, 77 L.Ed. 739; Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 145, 75 L.Ed. 397; Hecht v. Malley, 265 U.S. 144, 153, 44 S.Ct. 462, 465, 68 L.Ed. 949; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 117, 74 L.Ed. 457.

Plaintiff contends that the provision of section 602½. (26 U.S.C.A. § 999) which imposed the tax of 3 cents per pound upon "the first domestic processing of coconut oil * * * with respect to * * * which * . * * there has been no previous first domestic processing" and then defines the term "first domestic processing" as meaning the first use of the coconut oil in the United States in the manufacture or production of an article intended for sale, means in processing, which took place in the United States prior to the effective date of the act. It further contends that the statute is plain and explicit to that effect, and that the Commissioner in his regulations, contrary to the statute, added to, or varied the statute when, in definitions, the regulations provided the term "processing or first domestic processing will be deemed synonymous with use or first use in the United States on or after the effective date." It does seem to me that the language of the statute is plain and explicit, as it was defined by the Commissioner in the regulations, and I cannot agree with plaintiff that it is plain and explicit in relieving from taxation oil which had been processed in some degree within the United States prior to the effective date of the act.

The plaintiff relies upon Iselin v. United States, 270 U.S. 245, 251, 46 S.Ct. 248, 250, 70 L.Ed. 566, but I do not think that decision is in point, because in that case there was an obvious attempt to bring, under the terms of the statute, theater tickets, which were not on sale at the ticket office, whereas the statute there in question imposed a tax on tickets sold at any ticket office. This clearly is quite different from a determination as to when a statute was to take effect and as to what was to be exempted from the provisions of the statute, where such exemption is claimed because of an act done prior to the effective date of the act. Plaintiff also cites Wallace v. Cutten, 298 U.S. 229, 56 S.Ct. 753, 80 L.Ed. 1157, in which there was involved a statute which authorized the Secretary of Agriculture to suspend from trading in contract markets any person who "is violating" the statute, in which case it was held that the statute could not be construed so as to authorize the suspension of a person who has violated the statute.

This, it seems to me, is clearly to be distinguished from the case at bar; therefore, it seems plain to me that the intent of Congress clearly was to make the tax effective to the first domestic processing after May 10, 1934, the effective date of the law, and, therefore, the tax was properly collected in the case at bar, and the complaint fails to state facts sufficient to constitute a cause of action.

The motion to dismiss the complaint is granted. Settle order on notice.